IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DEMETRICE SCOTT,** | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:24-CV-00097-TES-MSH |
| VS. | : | |
| **STATE OF GEORGIA,** | : | |
| **Defendant.** | : | |

# ORDER

*Pro se* Plaintiff Demetrice Scott, a prisoner at the Macon State Prison in Oglethorpe, Georgia, has filed a pleading that has been docketed as a 28 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff complains about his 2016 trial and conviction in the Muscogee County Superior Court. *Id*. at 1 and 5. His request for relief is for this Court to grant him his "life and liberty back". *Id*. at 6.

As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "[W]hen a prisoner alleges that he has been deprived of his rights under

federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis*, 693 F.2d at 1057). Monetary damages are available in a § 1983 action but not in a habeas action. *See Preiser*, 411 U.S. at 493, 500. Release from prison or any criminal conviction is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Accordingly, if Plaintiff is challenging the fact or validity of his confinement and seeks his release from his criminal conviction and sentence as he appears to be doing, then Plaintiff is advised that the proper cause of action is a habeas petition and not a § 1983 civil rights complaint. Notably, a review of this Court's records reveals that Plaintiff has previously filed a federal habeas corpus petition challenging this same conviction. *See Scott v. Smith*, Case No. 4:22-cv-3 (M.D. Ga. Oct. 4, 2022). His 2022 Petition to this court was dismissed as untimely and for failure to exhaust his state remedies. *See id.* Plaintiff is advised that "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999). Without such an order, this Court lacks jurisdiction to consider successive habeas claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam). Thus, if Plaintiff is intending in this civil action to challenge the validity of his conviction and seek release from custody, then he must recast his petition on the Court's standard form for § 2254

habeas petitions and attach an order from the Eleventh Circuit Court of Appeals which authorizes him to once again seek habeas relief from the district court.

If Plaintiff instead wishes to complain about the events surrounding his conviction or the conditions of his confinement and seek damages, he should recast his complaint on the Court's § 1983 form. In so doing, it is futile to name the State of Georgia or the Georgia Department of Corrections as Defendants.[1] To state a § 1983 claim for relief, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003). Plaintiff is further advised that this Court may be presently barred from hearing a § 1983 claim that alleges wrongful conviction. The United States Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[1] The Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989).

*Heck,* 512 U.S. at 486-487.

If Plaintiff still wishes to pursue a federal claim,[2] he must recast his complaint on the proper form for the legally actionable claim he wishes to bring after considering this Court's guidance above. If Plaintiff intends on challenging his conviction and seek release, then he should submit his pleading on the § 2254 form and include the order from the Eleventh Circuit Court of Appeals as explained above. The fee for filing a federal habeas petition is $5.00. If instead, Plaintiff wants to complain of a civil rights violation and seek damages, then he should submit his claim on the § 1983 form. The fee for filing a § 1983 complaint is $405.00. Conversely, if Plaintiff wants to pursue both a habeas corpus claim and a § 1983 claim then he must file separate actions for the different type of claims and address the filing fees for each. Plaintiff should include this civil action number on only one of the recast complaints and the other claim will be assigned a new civil action number since it is a separate suit.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the appropriate form. The recast pleading shall supersede (take the place of) his initial pleading. The Court will not look back at his initial pleading to determine whether Plaintiff has an actionable federal claim. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of**

---

[2] Plaintiff does have the additional option to file with the Court a request to dismiss this civil action at this point in the litigation. See Fed. R. Civ. P. 41(a)(1)(A).

**Plaintiff's pleadings.** There will be no service of process in this case until further order. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 and § 1983 forms for his use in recasting his complaint.

    **SO ORDERED AND DIRECTED**, this 22nd day of March, 2024.

                                         /s/ Stephen Hyles
                                         UNITED STATES MAGISTRATE JUDGE